UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR ROSENBERG and NINA
SUE EDWARDS,

    Plaintiffs,

v.                                       Case No.:  2:24-cv-752-SPC-NPM

FIRST PROTECTIVE
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Plaintiffs' complaint (Doc. 1) and response to the Court's Order to Show Cause (Doc. 32). For the reasons outlined below, the Court dismisses Plaintiffs' case without prejudice as unripe.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009).

This is a breach of insurance contract action arising from flood damage Plaintiffs' property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program. It issued Plaintiffs a Standard Flood Insurance Policy ("SFIP") effective during the time of loss. Plaintiffs submitted a claim to Defendant for the flood damage. Defendant afforded coverage for the claim but, according to Plaintiffs, the amount was inadequate. Thus, the present lawsuit. (Doc. 1-1).

Before a claimant can file suit for breach of an SFIP, the insurer must have issued a written denial. *Cohn v. First Protective Ins. Co.*, No. 2:24-CV-842-SPC-KCD, 2024 WL 5202784, at *1 (M.D. Fla. Dec. 23, 2024) ("And, at bottom, a suit alleging a breach of the SFIP is not ripe until the insurer issues a written denial."). Plaintiffs (through briefing on another matter) claimed Defendant never issued a written denial, so the Court ordered Plaintiffs to show cause as to why this case should not be dismissed as unripe. Specifically, the Court directed Plaintiffs to provide the written denial that they believe gives rise to their claim. (Doc. 31). In response, Plaintiffs cite a February 7, 2024, letter in which Defendant denied Plaintiffs' demand for appraisal. (Docs. 32, 32-3). This is insufficient.

Under the SFIP, a policyholder must initiate litigation for breach of the SFIP "within one year after the date of the written denial of all or part *of the claim.*" SFIP, art. VII(O) (emphasis added). But a denial of appraisal is not a

denial of Plaintiffs' claim. Rather, it is a denial of a mechanism for evaluating Plaintiffs' claim. Indeed, Plaintiffs cite no authority suggesting a denial of appraisal constitutes a "written denial" giving rise to a breach of an SFIP.

Plaintiffs bear the burden of establishing a case is ripe. *See Rubenstein v. Fla. Bar*, 69 F. Supp. 3d 1331, 1338 (S.D. Fla. 2014) ("Because standing and ripeness are jurisdictional inquiries, Plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing that they have standing to sue and that this case is ripe for review."). Because they have not pointed the Court to a written denial of their claim that would accomplish this purpose, Plaintiffs' case is dismissed without prejudice. *See Cohen*, 2024 WL 5202784, at 1-2 (dismissing breach of SFIP case as unripe because no written denial had been issued); *Florez v. First Cmty. Ins. Co.*, No. 2:24-CV-841-SPC-NPM, 2024 WL 4568584, at *1–2 (M.D. Fla. Oct. 24, 2024) (same).

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' case is **DISMISSED without prejudice** as unripe.
2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2025.

                                               SHERI POLSTER CHAPPELL
                                               UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4